IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-233-FL

| | | |
|---|---|---|
| MICHAEL WAYNE HILL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| MICHAEL WAYNE REVELLS, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon the memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review under 28 U.S.C. § 1915(e)(2)(B). (DE 3). Also before the court is plaintiff's motion for extension of time to file response to M&R (DE 5), as well as plaintiff's motion entitled as one "to regress" (DE 6) and "notice" (DE 7), which the court construes as plaintiff's substantive objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court denies plaintiff's motion for extension of time, adopts the M&R, and dismisses the complaint.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v.

Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The magistrate judge recommends dismissal of plaintiff's claims, construed as arising under 42 U.S.C. § 1983, because they are time-barred. Upon de novo review of the M&R, the record in this case, and plaintiff's objections, the court also concludes that plaintiff's claims are time-barred. Since there is no statute of limitations for claims brought under 42 U.S.C. § 1983, courts apply the analogous statute of limitations for state law personal injury actions to such claims. Burnett v. Grattan, 468 U.S. 42, 49 (1984); Wallace v. Kato, 549 U.S. 384, 387-88 (2007). As relevant here, North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5); see Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 67 (4th Cir. 2015). Such a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See Wallace, 549 U.S. at 391.

Here, plaintiff's claims accrued when he was allegedly kidnapped by a police officer on October 20, 2013, because that is when he knew or had reason to know of the alleged violations. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 182 (4th Cir. 1996) (holding that a claim for false arrest accrues on the date of arrest). Plaintiff initiated this action in December 2020, well after the three-year limitations period expired on October 20, 2016. Accordingly, plaintiff's claims are time-barred.

Based on the foregoing, the court ADOPTS the M&R, (DE 3) and overrules plaintiff's objections (DE 6, 7). Where plaintiff filed substantive objections to M&R, plaintiff's motion for extension of time to respond to M&R (DE 5) is DENIED as moot and for lack of good cause shown for further extension. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of January, 2021.

*Louise V. Flanagan*
LOUISE W. FLANAGAN
United States District Judge